**William E. WINTERSTEIN, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, OFFICE OF INFORMATION AND PRIVACY, Defendant.**

**No. CIV.A. 99–0760 PLF.**

United States District Court,
District of Columbia.

March 21, 2000.

William E. Winterstein, Pro Se, Fillmore, CA, for Plaintiff.

Eric M. Jaffe, Assistant United States Attorney, Washington, DC, for Defendant.

*MEMORANDUM OPINION*

PAUL L. FRIEDMAN, District Judge.

Proceeding *pro se*, plaintiff brought suit challenging the decision of the Department of Justice to withhold a single document he had sought under the Freedom of Information Act, 5 U.S.C. § 552. The matter is currently before the Court on defendant's motion to dismiss or for summary judgment. Because defendant filed a declaration along with its motion, the Court will treat the motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Rule 12(c), Fed. R.Civ.P. Defendant's motion will be granted.

**I. BACKGROUND**

On October 14, 1997, plaintiff filed a Freedom of Information Act request with the United States Department of Justice seeking the release of a single document, referred to as "the Prosecution Memorandum, dated 4–21–83, from Neal Sher to Mark Richard; consisting of 51 pages, concerning the Rudolph case." Compl. Ex. 1 (plaintiff's FOIA request). This memorandum was prepared during the course of an investigation conducted by the Department of Justice, Office of Special Investigations ("OSI"), into the wartime conduct of one Arthur Rudolph. Mr. Rudolph served as Operations Director of a V–2 rocket production facility at the Mittelwerke complex near Niedersachswerfen in Central Germany. *See* Compl. Ex. 5. Allegations had been made that Mr. Rudolph participated in atrocities perpetuated on slave laborers used by the Nazi regime.

After World War II, Mr. Rudolph relocated to the United States, became a citizen and participated in this country's space exploration effort, assisting in the design of the Saturn V rocket and earning the National Aeronautics and Space Administration Distinguished Service Medal. Af-

ter the allegations against him were made and he was under investigation by OSI, Mr. Rudolph voluntarily renounced his U.S. citizenship and returned to Germany in 1984. He resided there until his death last year. Believing that Mr. Rudolph was ill-treated by the Justice Department, plaintiff conducted a private investigation of the allegations of wartime misdeeds. Toward this end, and with the explicit permission of Mr. Rudolph, plaintiff filed the FOIA request at issue in this case. *See* Compl. Ex. 1.

On February 17, 1998, the Justice Department informed plaintiff that it had located one record responsive to his request, referred to as "Prosecution Memorandum 4-21-83 Neal Sher, Acting Director, Office of Special Investigations, to Mark Richard, Deputy Assistant Attorney General, Criminal Division; 49 pages." *See* Joachim Decl. ¶ 7, Ex. 1. The Department advised plaintiff that it was withholding the entire document pursuant to FOIA Exemption 5, and parts of the document pursuant to Exemptions 6 and 7(C). *See* Compl. Ex. 3. On March 2, 1998, plaintiff appealed this decision, and on October 28, 1998, the Justice Department's Office of Information and Privacy informed plaintiff that it was the final determination of the Department to withhold the document in its entirety pursuant to the previously stated exemptions. *See* Compl. Exs. 4–6. Plaintiff subsequently filed this action seeking full disclosure of the document in question.

## II. DISCUSSION

### A. Summary Judgment Standard

An agency may withhold documents responsive to a FOIA request only if the responsive documents fall within one of nine enumerated statutory exemptions. *See* 5 U.S.C. § 552(b). The agency bears the burden of justifying the withholding, and the court reviews the agency claims of exemption *de novo*. *See* § 552(a)(4)(B); *Department of State v. Ray*, 502 U.S. 164, 173, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991). To enable the Court to determine whether documents are properly withheld, the agency must provide a detailed description of the information withheld through the submission of a so-called "Vaughn Index", sufficiently detailed affidavits or declarations, or both. *See Oglesby v. U.S. Department of the Army*, 79 F.3d 1172, 1178 (D.C.Cir.1996); *Vaughn v. Rosen*, 484 F.2d, 820, 827–28 (D.C.Cir.1973). Furthermore, the FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided ... after deletion of the portions which are exempt." 5 U.S.C. § 552(b). "[N]on-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Kimberlin v. Department of Justice*, 139 F.3d 944, 949 (D.C.Cir.1998) (quoting *Mead Data Central, Inc. v. U.S. Department of the Air Force*, 566 F.2d 242, 260 (D.C.Cir.1977)). To withhold the entirety of a document, the agency must demonstrate that it cannot segregate the exempt material from the non-exempt and disclose as much as possible. *See Kimberlin v. Department of Justice*, 139 F.3d at 949–50.

The Court may award summary judgment to a government agency solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d at 826. An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. Central Intelligence Agency*, 607 F.2d 339, 352 (D.C.Cir.1978) (internal citation and quotation omitted).

There is no dispute in this case as to the identity of the document in question, or whether the Department of Justice fulfilled its duty in locating the information requested by the plaintiff. The Court therefore must decide whether the Department was correct in withholding the entire document under Exemption 5 or portions of the document under Exemption 6 or 7(C).

### B. Exemption 5

FOIA Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party ... in litigation with the agency." 5 U.S.C. §· 552(b)(5). This provision "exempt[s] those documents, and only those documents, normally privileged in the civil discovery context," including those covered by the "attorney's work-product privilege." *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 149, 154, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); *see also FTC v. Grolier, Inc.,* 462 U.S. 19, 26, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983); *Martin v. Office of Special Counsel,* 819 F.2d 1181, 1184 (D.C.Cir.1987). Protection for attorney work product has also been recognized as important in the criminal arena. *See United States v. Nobles,* 422 U.S. 225, 238, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975); *In re Sealed Case,* 146 F.3d 881, 884 (D.C.Cir. 1998). Indeed, "its role in assuring the proper functioning of the criminal justice system is even more vital." *United States v. Nobles,* 422 U.S. at 238, 95 S.Ct. 2160. The privilege protects the adversarial process by "ensuring that lawyers can prepare for litigation without fear that opponents may obtain their private notes, memoranda, correspondence, and other written materials." *In re Sealed Case,* 146 F.3d at 884.

While the work product privilege is a qualified privilege, Congress intended Exemption 5 of the FOIA to allow disclosure of only those materials "which would 'routinely be disclosed' in private litigation" and to exclude from disclosure "memoranda prepared by an attorney in contemplation of litigation which set forth the attorney's theory of the case and his litigation strategy." *NLRB v. Sears, Roebuck & Co.,* 421 U.S. at 149 n. 16; *see id.* at 154–55, 95 S.Ct. 1504 (*quoting* H.R.Rep. No. 89–1497, U.S.Code Cong. & Admin.News 1966, p. 2418 (1966)). Under Exemption 5, the attorney work-product privilege does not end with the litigation, but exempts protected material from mandatory disclosure "without regard to the status of the litigation for which it was prepared." · *FTC v. Grolier Inc.,* 462 U.S. at 28, 103 S.Ct. 2209.

Here, the government has invoked Exemption 5 to protect a single document, a 49–page prosecution memorandum prepared by Neal Sher, Acting Director of OSI, claiming that it is the kind of attorney work-product traditionally protected because it was prepared in anticipation of litigation. *See* Joachim Decl. ¶¶ 8–13. While in some cases a court must determine whether the withheld records were prepared for the purpose of a specific claim or defense in order to enjoy work-product protection, that is not the case here. There is no question that the memorandum sought by plaintiff in this case was prepared for the purpose of pursuing a specific claim—namely, the contemplated prosecution of Arthur Rudolph. *See* Joachim Decl. ¶ 9; *see also In re Sealed Case,* 146 F.3d at 885 ("[W]hen government lawyers prepare a document in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party, they have met the specific claim· test.") (quoting *SafeCard Services, Inc. v. SEC,* 926 F.2d 1197, 1203 (D.C.Cir.1991)).

The declaration submitted by Linda J. Joachim, a litigation attorney in the Freedom of Information Act/Privacy Act Unit of the Office of Enforcement Operations, Criminal Division, United States Department of Justice, attests to the fact that the memorandum sought by the plaintiff was prepared during a criminal investigation of

Arthur Rudolph. *See* Joachim Decl. ¶ 5. Ms. Joachim further represents that the memorandum contains "a discussion of the major points and allegations concerning the Rudolph case and reflects the attorney's legal analysis, theory of the case, thoughts, impressions, opinions, and assessments of facts and issues upon which an attorney could evaluate the case"—materials traditionally protected as attorney work product. Joachim Decl. ¶ 13. Ms. Joachim also states that she discussed the matter with the attorney who prepared the memorandum for OSI and that, even sixteen years after the memorandum was prepared,

> there are sufficient connections between the Rudolph case and still pending investigations to warrant concern about disclosure. To reveal the information in question would inhibit the candid, internal discussion and evaluation necessary for efficient and proper litigation preparation in such a sensitive and complex area of law enforcement. Furthermore, disclosure would provide insight into the agency's general strategic and tactical approach to investigating and prosecuting such cases.

Joachim Decl. ¶ 13.

Although Ms. Joachim's declaration contains many statements that are better characterized as conclusions of law than reportage of facts, this language is surplusage. The Court finds that her factual assertions are specific enough to provide notice to the requestor and to give the Court an adequate foundation to review the Department's position and to conclude on the basis of the declaration that the Department was justified in withholding the document under Exemption 5. (*See Campbell v. United States Dep't of Justice*, 164 F.3d 20, 30 (D.C.Cir.1998); *King v. United States Dep't of Justice*, 830 F.2d 210, 218 (D.C.Cir.1987)).

In his responsive filings, plaintiff argues that disclosure of this document is necessary in the public interest. *See* Memorandum in Support of Plaintiff's Objection to Defendant's Motion at 4, 7. Plaintiff relies generally on the purpose of the FOIA, to get at information that "sheds light on an agency's performance of its statutory duties." *United States Dep't of Justice v. Reporters Committee for Freedom of the Press,* 489 U.S. 749, 773, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) (*quoted at* Memorandum in Support of Plaintiff's Objection to Defendant's Motion at 4). Plaintiff's reliance on the public interest fails on two grounds.

First, when Congress enacted the FOIA to throw open the workings of government, it purposefully provided specific exemptions to disclosure under the Act. The exemptions reflect Congress' judgment as to what is in the public interest and "represent[ ] the congressional determination of the types of information that the Executive Branch must have the option to keep confidential, if it so chooses." *Department of the Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976). It is only necessary therefore to consider whether a particular document is of the type that Congress has determined should be disclosed or exempt from disclosure—in other words, whether a particular exemption applies.

Second, Congress recently examined the issue of documents maintained by the Office of Special Investigations in connection with its investigations of alleged Nazi war criminals. While Congress, in the Nazi War Crimes Disclosure Act, directed the government to release classified materials relating to Nazi war crimes and instructed that FOIA requests for such material be expedited, Section 4 of the Act specifically identifies the type of document at issue here as *expressly* exempt from disclosure:

> This [Act] shall not apply to records— (A) related to or supporting any active or inactive investigation, inquiry, or prosecution by the Office of Special Investigations of the Department of Justice; or (B) solely in the possession, custody, or control of that office.

Nazi War Crimes Disclosure Act, Pub.L. 105–246, 112 Stat.1859 (October 8, 1998) (codified at 5 U.S.C. § 552 note). The government has asserted, without contradiction, that the requested document was found in the Office of Special Investigations, and that it was and is connected to past and ongoing investigations. *See* Joachim Decl. ¶¶ 6, 14. The Court therefore cannot help but conclude that the memorandum that plaintiff seeks is squarely within that class of documents the withholding of which Congress has deemed to be in the public interest. The Court finds that the Department of Justice acted properly in withholding the prosecution memorandum.

Because the Department of Justice acted properly in withholding the entire document sought by plaintiff, the Court need not decide whether it would also have been appropriate to withhold the names in the memorandum under Exemptions 6 and 7(C). Having determined that the prosecution memorandum was protected attorney work-product and therefore exempt from disclosure under Exemption 5 of the FOIA, the Court concludes that the defendant is entitled to summary judgment.

SO ORDERED.